# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ANTHONY FADAYOMI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00684-O-BP** |
| | § | |
| **CHEX SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Anthony Fadayomi ("Fadayomi") initiated this action by filing a Small Claims Petition in the Justice Court, Precinct Three, of Tarrant County, Texas, on July 14, 2022. ECF No. 1-1. On August 9, 2022, Defendant Chex Systems, Inc., ("Chex") removed the case from state court. ECF No. 1. Also on August 9, 2022, this case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 2.

On August 16, 2022, the Court ordered Fadayomi and Chex to file amended pleadings consistent with the pleading requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court ("Local Civil Rules"). ECF No. 4. The Court set a deadline for filing of September 6, 2022. *Id.* ECF No. 4. In the Order, the Court cautioned the parties that "failure of any party to comply with this order may result in a recommendation that the Court dismiss Fadayomi's claims or grant a default judgment against Chex." *See* Fed. R. Civ. P. 41(b); *Id.* at 2. Fadayomi did not comply, and the Court ordered him to replead a second time, with the same warning, by October 11, 2022. ECF No. 6. To date, Fadayomi has not complied with either order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Fadayomi has neither complied with the undersigned's two orders to replead, nor submitted any other pleading explaining his delay. It appears Fadayomi no longer wishes to pursue his claims in this case. Absent compliance with the Court's orders, this case cannot proceed. Because Fadayomi's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** Judge O'Connor **DISMISS** this case **without prejudice** under Fed. Rul. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on October 20, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE